IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODRICK LAFFETTA WARREN, | ) | |
| #1366658, | ) | |
|        Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1732-R |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|        Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court has not issued process in this case, pending preliminary screening.

Statement of the Case: Petitioner was convicted of aggravated robbery in Criminal District Court No. 1 of Dallas County, Texas, in Cause Nos. F05-28075, F06-85856, F05-60301, and F05-74000. On May 2, 2006, punishment was assessed at eight years imprisonment respectively. Petitioner neither appealed nor filed a state application for post-conviction relief.

In the present petition, filed on October 12, 2007, Petitioner challenges his four convictions. He alleges the evidence was legally and factually insufficient, counsel rendered ineffective assistance when he failed to request that Petitioner be found guilty of a lesser included offense, the trial court failed to make any findings that he possessed or exhibited a deadly weapon, neither his judicial confession nor the indictment included any language that he possessed or exhibited a deadly weapon during the aggravated robberies, and there was no evidence to link Petitioner to the crimes of robbery in the first degree or to the fact that he possessed or exhibited a deadly weapon.

Findings and Conclusions: This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides in pertinent part that a state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c) (West 2007); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also Rhines*, 544 U.S. at 274. Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998);

*Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

A review of the petition reflects that Petitioner has not satisfied the exhaustion requirement with respect to his aggravated robbery convictions. The record reflects that he filed neither a direct appeal and petition for discretionary review, nor an art. 11.07 application. The Texas Court of Criminal Appeals has, thus, not had an opportunity to consider the merits of Petitioner's claims. Accordingly, this petition for a writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies, *see* 28 U.S.C. § 2254(b) and (c).[1]

A copy of this recommendation shall be mailed to Petitioner.

Signed this 22nd day of October, 2007.

*Wm. F. Sanderson, Jr.*

---

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this

---

[1] The Court cautions Petitioner that the 1996 amendment to the habeas corpus statute imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this and any subsequent petition that Petitioner may file in this court.

recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.